UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GRABNER BLASTING & CONSULTING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:23-cv-00978-JRS-MKK |
| FORD MOTOR COMPANY, | ) ) ) | |
| Defendant. | ) | |

**Order on Motion to Dismiss**

## I.     Introduction

This case is about a broken truck.  Grabner bought a Ford F-550 for use in its blasting business; that truck allegedly broke down in spectacular fashion and has remained inoperable since.  Grabner sues for compensation.  Ford removed the case from state court and filed the instant Motion to Dismiss, (ECF No. 8).  Grabner has not yet appeared in this Court, but the time for its response has passed.

## II.    Discussion

Grabner's Complaint, (ECF No. 1-2), is written as a set of facts followed by a section titled "cause of action" that lists four "counts."  Ford's Motion to Dismiss argues that two of those "counts" are invalid under Indiana law.  But because all the "counts" are legal theories for recovery on the same event—namely, Ford's failure to repair or replace the broken truck—a Rule 12(b)(6) motion does not work to cut down the Complaint.

Remember that Rule 8 establishes a notice pleading regime, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002), which neither requires nor encourages plaintiffs to identify legal theories in a complaint.

> Although it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents.

*Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). "[T]he complaint need not identify a legal theory, and specifying an incorrect theory is not fatal." *Id.*; *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (collecting cases and noting "we have stated repeatedly (and frequently) that a complaint need not plead legal theories, which can be learned during discovery"). A Rule 12(b)(6) motion, then, cannot be used to attack individual legal theories: to strike out an incorrect legal theory in one or more "counts" does not affect the sufficiency of the complaint, so long as, working from the facts as alleged (that is, the claim or claims), at least one plausible theory remains. *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 727 (7th Cir. 1986) ("[A] complaint cannot be dismissed merely because one of the theories on which it proceeds, and the facts alleged in support of that theory, do not make out a claim for relief."); *O'Grady v. Vill. of Libertyville*, 304 F.3d 719, 723 (7th Cir. 2002) ("A plaintiff is not required to set forth a legal theory to match the facts, so long as some legal theory can be sustained on the facts pleaded in the complaint.").

### III. Conclusion

Here, as noted above, the Complaint provides four alternate legal theories of recovery on one set of facts—one claim—the broken truck. The possibility that two

of those theories are invalid does not affect the formal or substantive adequacy of the Complaint, *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999), so Rule 12(b)(6) dismissal is not appropriate. The Complaint is an adequate "starting point"; narrowing the legal issues comes later. *Bartholet*, 953 F.2d at 1078. Ford's Motion, (ECF No. 8), is **denied.**

**SO ORDERED.**

Date: 07/10/2023

                                      JAMES R. SWEENEY II, JUDGE
                                      United States District Court
                                      Southern District of Indiana

Distribution:

Jason M. Massaro
THE MASSARO LEGAL GROUP LLC
jmassaro@tmlglaw.com